**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

## DECLARATION IN SUPPORT OF VERIFIED COMPLAINT

Under 28 U.S.C. § 1746, I, Keith Chappell, Special Agent ("SA"), Drug Enforcement

Administration ("DEA"), United States Department of Justice, make the following unsworn

declaration, under the penalty of perjury, pertinent to the above-styled and numbered case:

### I.      Introduction

1.      This declaration is made in support of a verified civil complaint for forfeiture of

property seized pursuant to a valid traffic stop at a safety checkpoint.  There is probable cause to

believe that the Defendant Property was involved in or constitutes the proceeds of drug

trafficking, in violation of 21 U.S.C. § 841 (drug distribution) and § 844 (drug possession) and is

therefore subject to forfeiture under 21 U.S.C. § 881(a).  This declaration is based upon my

personal knowledge and experience obtained as case agent in this case and information I have

received from other law enforcement officials.

### II.     Declarant's Background and Experience

2.      I am a DEA Special Agent, and as such I am empowered under 21 U.S.C. § 878

to enforce Title 21 and other criminal laws of the United States, to make arrests, and to obtain

and execute search, seizure, and arrest warrants.  I have been employed as a DEA Special Agent

for approximately 17 years.  In connection with my official duties, I investigate criminal and

civil violations of the Controlled Substances Act, codified at 21 U.S.C. § 801, *et seq*., and have

frequently testified in judicial proceedings for violations of laws concerning controlled

substances.  During my time with DEA, I have participated in numerous drug trafficking

investigations, including investigations that have resulted in felony arrests for violations of the



Controlled Substances Act.  I have been involved in various types of electronic surveillance, the

execution of search and arrest warrants, and the debriefing of defendants, witnesses, and

informants, along with others who have knowledge of the distribution and transportation of

controlled substances, and the laundering and concealing of proceeds from controlled substance

trafficking.

3.      Since my employment as a DEA Special Agent, I have participated in debriefing

dozens of defendants, informants, and witnesses who had personal knowledge about narcotics,

narcotics trafficking, and methods of narcotics distribution.  As a result of my position, and by

virtue of my employment as a law enforcement officer, I have performed and continue to

perform various duties, which include but are not limited to:

   a.      Working as an undercover agent while investigating drug trafficking;

   b.      Working as a surveillance agent to detect and record movement of persons
           known to be or suspected of being involved in illegal drug trafficking; and

   c.      Working as a case agent, directing investigations of various illegal drug
           traffickers and their organizations, and investigations involving complex
           conspiracies in which numerous drug traffickers, located in various states
           and foreign countries, were illegally importing, possessing, and
           distributing illegal drugs within the United States.

4.      Through training and experience, and through the training and experience of other

narcotics agents with whom I have talked, I have learned the following:

   a.      Criminal organizations, including large-scale drug traffickers, maintain
           and handle large amounts of United States currency in order to finance
           their ongoing illicit businesses;

   b.      It is common practice for large-scale drug traffickers to hide contraband,
           proceeds of drug sales, and records of drug transactions in locations within
           their residences, vehicles, and/or place of business to conceal them from
           law enforcement authorities;

   c.      Persons involved in large-scale drug trafficking conceal, in their
           residences, vehicles and businesses, caches of drugs, large amounts of
           currency, and evidence of financial transactions relating to the obtaining



and hiding of large sums of money acquired from engaging in narcotics-trafficking activities;

d.     The Courts have recognized unexplained wealth is probative evidence of criminal violations by pecuniary gain, in particular trafficking in controlled dangerous substances. *See United States v. Barnes*, 604 F.2d 121, 147 (2nd Cir. 1979).

e.     That based upon my training and experience, I know that drug traffickers commonly have in their possession, (that is on their persons, at their residences, vehicles, and/or their business), firearms, including but not limited to handguns, pistols, revolvers, rifles, shotguns, machine guns, and other weapons; that said firearms are used to protect and secure drug trafficker's property; that weapons are tools of narcotic trafficker's trade and that it is reasonably foreseeable that conspirators involved in a large-scale conspiracy will carry, possess and use weapons (*see United States v. Alvarez*, 755 F.2d 830, 848, 849 (11th Cir. 1985)).

## III.     Items to be forfeited to the United States of America

5.     The instant civil complaint for forfeiture includes the following Defendant

Properties:

| 22-DEA-692905-01[1] | One (1) Smith & Wesson Pistol, Model SD40VE, CAL: 40, Serial No. HFZ3276 |
|---|---|
| 22-DEA-692905-02 | One (1) Magazine, CAL: 40 |
| 22-DEA-692905-03 | Ten (10) Rounds of Ammunition, CAL: 40 |
| 22-DEA-692906-01 | One (1) Romarm Pistol, Model Draco, CAL: 7.62, Serial No. DB136416 |
| 22-DEA-692906-02 | One Magazine, Extended (30-Round), CAL: 7.62 |
| 22-DEA-692906-03 | Thirty (30) Rounds of Ammunition, CAL: 7.62 |
| 22-DEA-692917 | $19,900.00 U.S. Currency |

seized on Sunday, June 11, 2022, at the Intersection of Highway 44 and Sumrall Road,

Columbia, Marion County, Mississippi, from Dekendrick Keshawn ANDREWS.

---

[1]   A check of the E-TRACE database revealed that Dekendrick Keshawn ANDREWS of 311 Highland Road Apartment C, Centreville, Mississippi is the registered owner of the two seized firearms.



IV.     **Facts and Circumstances**

6.      On June 11, 2022, deputies of the Marion County (Mississippi) Sheriff's Office ("MCSO") were conducting a safety checkpoint at the intersection of Highway 44 and Sumrall Road, Columbia, Marion County, Mississippi.  MCSO Deputy Andy Turnage conducted a stop of a Chevrolet pickup bearing Mississippi license plate number 1AI3608.  A records check identified the vehicle as a 2018 GMC Sierra 2500 pick-up truck registered to Dekendrick Keshawn ANDREWS at 311 Highland Road, Apartment C, Centreville, Mississippi.

7.      Deputy Turnage noted the smell of marijuana when he approached and made contact with ANDREWS, the driver and sole occupant of the pickup.  MCSO Lieutenant Michael Hudson approached the driver's side of the pickup and also detected the strong odor of marijuana emitting from the pickup's interior.  The officers instructed ANDREWS to exit the vehicle.  During questioning, ANDREWS denied there was marijuana in the pickup, but said that he did have firearms.  During a search of the vehicle (based on probable cause due to the odor of marijuana), Lt. Hudson located a marijuana pipe in the passenger seat back pocket.  ANDREWS admitted that the pipe belonged to him.  Lt. Hudson also recovered approximately 0.2 grams of suspected methamphetamine from between the front passenger seat frame rail and the console.  Based on these findings, Lt. Hudson summoned the assistance of DEA Task Force Officer ("TFO") Mellie Williams to assist with the investigation.

8.      Upon arrival on the scene, TFO Williams assisted Lt. Hudson in searching ANDREWS's pickup, locating several liquor bottles and a backpack on the rear floorboard of the vehicle.  Upon checking the backpack's contents, TFO Williams found a white bank bag containing an undetermined sum of U.S. Currency and a Smith & Wesson pistol with a magazine loaded with 10 40-caliber rounds of ammunition.  TFO Williams also confiscated a Romarm

**EXHIBIT A**

pistol with a magazine loaded with 30 7.62-Caliber rounds of ammunition from beneath the

backseat, approximately 8.5 grams of marijuana from a small gift box in the cup holder, and the

previously referenced approximately 0.2 grams of methamphetamine.  A field test of the

suspected methamphetamine yielded positive results.

9.      ANDREWS claimed the U.S. Currency as his property, advising the officers that

he has a trucking business.  When asked about the methamphetamine, ANDREWS became upset

and began accusing officers of planting the methamphetamine in the truck.  ANDREWS was

secured and placed in the rear of MSCO Deputy Robert Jeremy Sellers's patrol unit.

10.     TFO Williams contacted DEA TFO Nathaniel Cook to assist with the

investigation.  Upon arrival at the scene, TFOs Cook and Williams advised ANDREWS that

TFO Cook was seizing the undetermined amount of U.S. Currency confiscated from

ANDREWS's backpack as drug proceeds.  ANDREWS refused to sign the DEA sealed evidence

bag containing the currency.  ANDREWS was placed under arrest on state charges of possession

of controlled substances while in possession of a firearm and transported to Marion County Jail

to be booked.

11.     TFO Williams, as witnessed by TFO Cook, transported the seized currency to the

MCSO and secured the same in the MCSO evidence section for safekeeping and storage pending

transport to the DEA Gulfport Regional Office.  Lt. Hudson and MCSO deputies assisted TFO

Williams by transporting the suspected methamphetamine, marijuana, drug paraphernalia and

firearms to the MCSO to be stored for safekeeping pending transport to the DEA.

12.     On June 13, 2022, TFO Williams retrieved the currency from the MCSO evidence

section and met with MCSO K-9 Officer, Deputy Tyler Creel, at the MCSO.  TFO Williams

placed the currency into a cardboard box in its original DEA sealed evidence bag alongside two



EXHIBIT A

empty boxes. Deputy Creel had K-9 Tess conduct an open-air search on the cardboard boxes. Deputy Creel informed TFO Williams that K-9 Tess indicated on the box that contained the seized U.S. Currency, as witnessed by MCSO Chief Deputy Jamie Singley.

13.     That same day, TFO Williams relinquished custody of the currency to me, as witnessed by DEA Diversion Investigator ("DI") Kevin Downy, to be transported to the DEA for processing and storage. TFO Williams also turned over:

      a.     Two-Tenths (0.2) grams of methamphetamine;

      b.     Eight-and-one-half (8.5) grams of marijuana;

      c.     a white bank bag containing miscellaneous documents, including multiple W-2s from casinos;

      d.     One (1) cellular telephone;

      e.     One (1) Smith & Wesson SD40VE 40 Caliber Pistol bearing serial number HFZ3276 with Magazine loaded with 10 40-caliber rounds of ammunition; and

      f.     One (1) Romarm Draco 7.62 Caliber Pistol bearing serial number DB136416 with Magazine loaded with 30 7.62-Caliber Rounds of Ammunition

to me and DI Kevin Downey to be transported to the DEA and stored as evidence.

14.     DI Downey and I maintained custody and control of the seized items and other evidence, transporting and securing the same at the DEA's offices for safekeeping pending processing of the evidence.

15.     On June 15, 2022, I, as witnessed by DEA TFO Luis Hawkins, took the seized currency from the DEA's high-value vault and relocated to The First Bank to obtain an official count, which totaled $19,900.00 U.S. Currency. The currency was subsequently converted to cashier's check number 334713 made payable to the U.S. Marshals Service in the amount of $19,900.00.



16.     On June 15, 2022, I, as witnessed by TFO Hawkins, transported the cashier's check to the DEA GRO and secured the same in the GRO high-value vault for safekeeping pending processing and submission to the U.S. Marshals Service.

## V.     CONCLUSION

17.     Based upon my training and experience, and the above-listed facts and circumstances, I conclude there is probable cause to believe the Defendant Property was intended to facilitate and/or be used to further a drug crime, or is directly related to drug proceeds, all in violation of 21 U.S.C. § 841 (drug distribution) and/or § 844 (drug possession), and that there is probable cause to believe the property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a).

18.     I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and accurate to the best of my knowledge and belief.

Executed this _10_ day of October 2023.

_____
Keith Chappell
Special Agent
Drug Enforcement Administration

**EXHIBIT A**